**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60329-STRAUSS**

**CERETTE RACINE DEBREUS and**
**GEFTE DEBREUS,**

      Plaintiffs,

v.

**DELIVRANCE DEBREUS and**
**ERZILIA DORVELUS,**

      Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Appointment of Person or U.S. Marshal for Service of Process [DE 8] (the "Motion"). In the Motion, Plaintiffs state that service by the U.S. Marshals Service ("USMS") "will move this matter forward more effectively and will serve he [sic] best interest of judicial economy." [DE 8] ¶ 4. Plaintiffs did not sign the Motion. *See id.* at 3. Plaintiffs paid the filing fee and are not proceeding *in forma pauperis*. [DE 3] at 1. For the reasons described below, the Motion is **DENIED WITHOUT PREJUDICE**.

Because neither Plaintiff is proceeding *in forma pauperis* or as a seaman, the Court retains discretion in determining whether to order that service be made by the USMS or another specially designated person. *See* Fed. R. Civ. P. 4(c)(3). The committee notes to Rule 4(c)(3) explain that the Court should appoint a marshal, deputy, or other official person to make service "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace . . . ." Fed. R. Civ. P. 4(c)(3) advisory committee's note to 1993 amendment. Further, courts in the Eleventh Circuit typically require a moving party to show why service by a marshal, deputy, or other specially

designated person is necessary or would be more successful than other avenues available to a plaintiff. *See, e.g.*, *Nappi v. Welcom Prods., Inc.*, No. 8:13-CV-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014) ("[T]he Court finds no indication that appointing a U.S. Marshal under Rule 4(c)(3) would result in any more success than Nappi's private process servers have already experienced."); *Terrell v. Woodard*, No. 25-CV-468, 2025 WL 2320606, at *1 (M.D. Fla. July 22, 2025) ("Plaintiff has not argued that [the keeping-the-peace] circumstance is present here, and Plaintiff's motion does not establish why service by the United States Marshal is necessary, given that there are available avenues for Plaintiff to effect service, to include retaining a private process server or requesting that Defendant waive service."); *Somerville v. Dep't of Health & Human Servs.*, No. 24-CV-2185, 2024 WL 5090233, at *1 (M.D. Fla. Dec. 12, 2024) ("Plaintiff's protestations that Defendants may be 'difficult for a typical process server' to locate and serve are unavailing both because she does not indicate that she has yet attempted to serve process, nor does she explain why a U.S. Marshal would not suffer from the same difficulties."); *Elyashiv v. Willer*, No. 24-CV-62421, 2025 WL 1191093, at *1 (S.D. Fla. Jan. 15, 2025) (declining to burden USMS with "discretionary process duties" unless plaintiff shows that a marshal "is clearly needed to keep the peace," such as by detailing why defendant is or may be dangerous).

Here, Plaintiffs provide no real justification for USMS service beyond their subjective belief that ordering USMS service "will move this matter forward more effectively and will serve he [sic] best interest of judicial economy." [DE 8] ¶ 4. Plaintiffs do not provide any explanation of why USMS service is necessary or advisable to keep the peace. Plaintiffs also do not provide an explanation of why USMS service is necessary considering the other avenues available, such as hiring a private process server or asking Defendants to waive service of process. Convenience to Plaintiffs is not enough. The Motion is therefore denied without prejudice. Any refiling of the

Motion shall include an explanation of why USMS service (or service by another specially designated person) is necessary under the circumstances of this case.  It should also be signed by both Plaintiffs.

The Court separately notes that Plaintiffs have repeatedly failed to respond to the Court's orders on consent to magistrate-judge jurisdiction and thus finds that Plaintiffs have impliedly consented to the undersigned U.S. Magistrate Judge acting as the presiding judge in this matter. *See* 28 U.S.C. § 636(c)(1).  Despite the Court twice making Plaintiffs aware of their right to proceed before a U.S. District Judge and giving Plaintiffs ample opportunity to either consent or move for case reassignment, Plaintiffs have done nothing.  The Court even informed Plaintiffs in an order to show cause that "[a]ny further failure to respond will be considered implied consent to have Magistrate Judge Jared M. Strauss conduct any and all further proceedings as well as order the entry of judgment."  [DE 7] at 1.  By failing to respond a second time (and then seeking affirmative relief from the Court via the Motion), Plaintiffs have consented to my jurisdiction. *Cf. Roell v. Withrow*, 538 U.S. 580, 590 (2003) ("Roell's and Garibay's general appearances before the Magistrate Judge, after they had been told of their right to be tried by a district judge, supply the consent necessary for the Magistrate Judge's 'civil jurisdiction' under § 636(c)(1).").

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      The Motion [DE 8] is **DENIED WITHOUT PREJDUCE**.

2.      Plaintiffs may refile the Motion upon including an explanation on why USMS service is necessary under the circumstances of this case.  Yet any refiled motion must be signed by Plaintiffs.

3.      The Court finds that Plaintiffs have consented to magistrate-judge jurisdiction.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of March 2026.

Jared M. Strauss
United States Magistrate Judge